✓ FILED ___ LODGED
___ RECEIVED ___ COPY
NOV - 5 2026
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ REM DEPUTY

Alexander Zabel, Jr.
160 N Pantano Rd #2101
Tucson, Arizona 85710-2322
Phone: (______) ______-__________
neveroflowdown@gmail.com
Plaintiff, Pro Se

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Alexander Zabel, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>Helen Brennan, a/k/a "Hella," owner of the YouTube channel "Hella Excited Utterance" (@Excitedutterance); Matthew Filipczuk, a/k/a "Dali,"<br><br>Defendants. | Case No. CV-26-00584-TUC-JGZ<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND INJUNCTIVE RELIEF**<br>(17 U.S.C. §§ 501, 502, 504, 505)<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Alexander Zabel, Jr., appearing pro se, alleges as follows against Defendants Helen Brennan and Matthew Filipczuk:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq. Defendants copied Plaintiff's registered motion picture and published it on YouTube without permission. Plaintiff seeks a court order restraining the infringement, including an order keeping the infringing YouTube video identified

Arizona and committed the infringing acts alleged here, in whole or in part, from Arizona.

8. This Court has personal jurisdiction over Brennan under Fed. R. Civ. P. 4(k)(1)(A) and Arizona Rule of Civil Procedure 4.2(a), which reaches to the limits of due process. Brennan purposefully directed her conduct, including the infringing conduct alleged here, at Arizona: (a) she produces and publishes the channel's videos, including the infringing video, jointly with Filipczuk, an Arizona resident, whom she calls her "US counterpart" in the title of a video on the channel ("Cope and seethe my US counterpart!") and to whom she said on a livestream, "we are in this together"; (b) the infringing video copies footage that Plaintiff recorded in Pima County, Arizona, during his coverage of the disappearance of Nancy Guthrie, and Brennan's counsel stated that Filipczuk's voice and commentary are heard over that footage; (c) she publishes Arizona-focused content for profit, including a members-only video, available only to paying members of the channel, titled "Lori Daybell Jail Body Cam Maricopa Arizona - Caught on bodycam"; and (d) she sells merchandise through the channel's YouTube store, including a shirt listed as "Do You Have a MOM? super stylin Arizona guys Tee." Plaintiff's claims arise out of or relate to these Arizona-directed activities.

9. In the alternative, if Brennan is not subject to jurisdiction in any state's courts of general jurisdiction, this Court has personal jurisdiction over her under Fed. R. Civ. P. 4(k)(2). Plaintiff's claim arises under federal law, and Brennan's contacts with the United States as a whole, including publishing the infringing video on YouTube to a United States audience, using a work first published in the United States, retaining United States counsel to respond to Plaintiff's takedown notice, and invoking the counter-notification procedure of 17 U.S.C. § 512(g) to demand that the Infringing Video be reinstated on YouTube, as alleged in paragraphs 19 and 20, make the exercise of jurisdiction consistent with the Constitution and laws of the United States.

10. Venue is proper in this District under 28 U.S.C. § 1400(a) because Filipczuk resides and may be found in this District, and under 28 U.S.C. § 1391(c)(3) because Brennan does not reside in the United States and may be sued in any judicial district.

**PLAINTIFF'S COPYRIGHTED WORK**

11. Plaintiff is the sole author and owner of the motion picture "LIVE! NANCY GUTHRIE | 'The Brazen Return - Armed with a Camera'" (the "Work"). Plaintiff recorded the Work in Pima County, Arizona, during his coverage of the disappearance of Nancy Guthrie, and first published it in the United States on October 18, 2026, on his Criminal Network YouTube channel.

12. The United States Copyright Office registered the Work, under Plaintiff's name Alexander Zabel, as Registration No. PA 2-611-361, with an effective date of registration of October 22, 2026. A true copy of the certificate of registration is attached as Exhibit A.

13. The Work was registered within three months after its first publication. Under 17 U.S.C. § 412(2), statutory damages are available for infringement of the Work.

14. Plaintiff has satisfied the registration requirement of 17 U.S.C. § 411(a).

15. Plaintiff never licensed or authorized either Defendant to copy, display, perform, or distribute any part of the Work.

**DEFENDANTS' INFRINGING CONDUCT**

16. Infringing Video. After Plaintiff first published the Work on October 18, 2026, and on or before October 20, 2026, Defendants published on the Hella Excited Utterance YouTube channel a video titled "How did I pull off the latest Ted crashout!? I must be Hella Hella Powerful!?? w Dali and Mort" (emoji omitted) at https://www.youtube.com/watch?v=TZLT0xwu_T4 (the "Infringing Video"). Filipczuk appears in the Infringing Video as Brennan's co-host.

17. The Infringing Video copies footage from the Work. In the

counter-notification described below, Brennan's counsel admitted the copying, stating of Plaintiff's video: "The video itself was 1:32:22 minutes/hours long and only 7 minutes and 35 seconds out of that were played." The counter-notification further states that "Hella Excited Utterance and her cohost Dali Talk's own voices and commentary are heard over the claimed material."

18. Plaintiff, through his Criminal Network channel, submitted a copyright removal request to YouTube for the Infringing Video. YouTube removed the Infringing Video on October 20, 2026.

19. On October 22, 2026, YouTube notified Plaintiff that it had received a counter-notification for the Infringing Video, submitted by attorney David Helm on behalf of the Hella Excited Utterance channel, requesting that the Infringing Video be restored to YouTube. YouTube notified Plaintiff that the Infringing Video may be reinstated unless Plaintiff provides evidence that he has taken legal action against the uploader. A true copy of YouTube's notice, including the counter-notification, is attached as Exhibit B.

20. The counter-notification does not meet the requirements of 17 U.S.C. § 512(g)(3). To be effective, a counter-notification must include "[a] physical or electronic signature of the subscriber" and "[t]he subscriber's name, address, and telephone number, and a statement that the subscriber consents to the jurisdiction of Federal District Court for the judicial district in which the address is located, or if the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found, and that the subscriber will accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person." 17 U.S.C. § 512(g)(3)(A), (D). The counter-notification is signed by attorney David Helm, not by Brennan. It does not state Brennan's name, address, or telephone number. It contains no statement consenting to the jurisdiction of any Federal District Court and no statement agreeing to accept service of process from Plaintiff. Brennan thus used the counter-notification procedure of the United

States Copyright Act to demand that the Infringing Video be reinstated, while leaving out the consent to jurisdiction and service that the statute requires of every subscriber who uses that procedure.

21. Defendants' infringement is willful. Defendants knew the footage was Plaintiff's: the counter-notification identifies the takedown notice as submitted by Criminal Network and calls the copied footage "the claimant's material," and the Infringing Video uses Plaintiff's footage to mock and criticize Plaintiff. After YouTube removed the Infringing Video on Plaintiff's takedown notice, Brennan demanded that it be reinstated.

22. Defendants' use is not fair use. Defendants copied approximately 7 minutes and 35 seconds of Plaintiff's original footage verbatim rather than recording their own; published the copy within two days after Plaintiff first published the Work; and published it on YouTube, the same platform where Plaintiff publishes the Work and where Plaintiff relies on audience engagement, advertising revenue, and memberships to support his reporting. Viewers who watched Plaintiff's footage on Defendants' channel did not need to watch it on Plaintiff's.

23. Plaintiff has no adequate remedy at law. Unless restrained by this Court, Defendants can cause the Infringing Video to be reinstated and can continue to use the Work, and the resulting harm to Plaintiff's control over how and where his footage is shown cannot be fully measured or compensated with money.

**COUNT I**

**Copyright Infringement of the Work (Infringing Video)**

**17 U.S.C. § 501 - Against Both Defendants**

24. Plaintiff repeats paragraphs 1 through 23.

25. Plaintiff owns a valid, registered copyright in the Work. Under 17 U.S.C. § 410(c), the certificate of registration is prima facie evidence of the validity of the copyright and of the facts stated in the certificate.

26. Defendants, acting together, reproduced, publicly performed, and publicly

displayed protected expression from the Work in the Infringing Video without authorization, violating Plaintiff's exclusive rights under 17 U.S.C. § 106(1), (4), and (5).

27. Plaintiff is entitled, at his election under 17 U.S.C. § 504(c), to statutory damages of up to $30,000, increased to up to $150,000 because the infringement is willful, or in the alternative to his actual damages and Defendants' profits under 17 U.S.C. § 504(b), and to injunctive relief under 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment for Plaintiff and against Defendants as follows:

A. An order under 17 U.S.C. § 502 restraining Defendants, and all persons acting with them, from reproducing, displaying, performing, distributing, uploading, or causing to be reinstated the infringing video at https://www.youtube.com/watch?v=TZLT0xwu_T4, and from any other infringing use of the Work;

B. Statutory damages under 17 U.S.C. § 504(c), enhanced for willful infringement, or, at Plaintiff's election, actual damages and Defendants' profits under 17 U.S.C. § 504(b);

C. Plaintiff's costs under 17 U.S.C. § 505;

D. Post-judgment interest under 28 U.S.C. § 1961; and

E. Any other relief the Court finds just.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

## EXHIBITS

Exhibit A - Certificate of Registration PA 2-611-361 (LIVE! NANCY GUTHRIE | "The Brazen Return - Armed with a Camera")

Exhibit B - YouTube Counter-Notification for the Infringing Video (Oct. 22, 2026)

and YouTube's Response (Oct. 23, 2026)

Dated: 11/03/__________________, 2026

Alex Zable
/s/ Alexander Zabel, Jr.
Alexander Zabel, Jr.
160 N Pantano Rd #2101
Tucson, Arizona 85710-2322
Phone: (______) ______-__________
neveroflowdown@gmail.com
Plaintiff, Pro Se